IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSE REYES AMADOR<br>*Plaintiff*<br><br>v.<br><br>TRACIE MCCORMICK, INC. and<br>TRACY FENLEY<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JOSE REYES AMADOR, (hereinafter referred to as "PLAINTIFF"), and files this his Original Complaint complaining of TRACIE MCCORMICK, INC., (hereinafter referred to as "Defendant") and TRACY FENLEY (hereinafter referred to as "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

I.

Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, TRACIE MCCORMICK, INC., is a foreign corporation, organized and formed in the State of Tennessee, is not a citizen of Texas and its principle office is in the State of Tennessee. Defendant, TRACY FENLEY, is not a citizen of Texas and is a citizen of the State of Tennessee.

(2) Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

II.

Parties

(3) The Plaintiff is a resident of Titus County, Texas.

(4) The Defendant, TRACIE MCCORMICK, INC., is a foreign corporation organized and existing under the laws of Tennessee and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, TRACIE MCCORMICK, 5924 New Nashville Highway, Murfreesboro, Tennessee 37129 via certified mail, return receipt requested.

(5) Defendant, TRACY FENLEY, is an individual residing at 2718 Lone Oak Drive, Murfreesboro, Tennessee 37128 and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code.  Defendant, TRACY FENLEY, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to TRACY FENLEY,2718 Lone Oak Drive, Murfreesboro, Tennessee 37128 via certified mail, return receipt requested.

III.

<u>Factual Allegations</u>

(6) On or about September 24, 2014, Plaintiff, JOSE REYES AMADOR, was operating his vehicle in a safe and prudent manner Eastbound on Interstate Highway 30 when suddenly and without warning a truck tractor and semi trailer operated by the Defendant, TRACY FENLEY, struck the rear of Plaintiff's vehicle. At the time of the collision in question, the Defendant, TRACY FENLEY, was traveling East bound on Interstate Highway 30. At the time of the collision in question, the Defendant, TRACY FENLEY, was driving with permission, in the course and scope of his employment with his employer, Defendant, TRACIE MCCORMICK, INC., a 2007 International Tractor Trailer bearing VIN # 2HSCNAPR17C377763 towing a 2012 WABASH National semi-trailer bearing VIN # 1JJV532V7CL370664. Due to the acts of the Defendant driver, including but not limited to driver in-attention, failing to maintain a safe following distance between Defendant driver's vehicle and Plaintiff's vehicle, traveling in an excess rate of speed, tailgating, and failure to maintain a proper lookout. Defendant, TRACY FENLEY, caused the vehicle he was operating to strike the rear of the vehicle Plaintiff was operating. As a result of the collision in question, Plaintiff sustained severe permanent and disabling injuries.

(7) At all times relevant to this lawsuit, Defendant, TRACY FENLEY, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(8) At all times relevant to this lawsuit, Defendant, TRACIE MCCORMICK, INC., was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(9) At all times relevant to this lawsuit, Defendant, TRACIE MCCORMICK, INC., was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(10) At all times relevant to this lawsuit, Defendant, TRACIE MCCORMICK, INC., was an "employer" as defined by 49 C.F.R. §390.5.

(11) At all times relevant to this lawsuit, Defendant, TRACY FENLEY, was an "employee" of Defendant, TRACIE MCCORMICK, INC., as per 49 C.F.R. §390.5.

(12) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, TRACY FENLEY, was an employee of Defendant, TRACIE MCCORMICK, INC., and operating a commercial motor vehicle on behalf of Defendant, TRACIE MCCORMICK, INC., under and by the authority of Defendant, TRACIE MCCORMICK, INC., pursuant to Defendant, TRACIE MCCORMICK, INC.'s, Federal DOT Number 757183.

IV.

<u>Cause of Action:  Defendant  TRACY FENLEY</u>

(13) Plaintiffs incorporate by reference paragraphs 1 through 12 above.

(14) Plaintiff alleges that Defendant, TRACY FENLEY, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:

    a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

    b. In failing to apply his brakes as would have  done by a person exercising ordinary care and prudence under the same or similar circumstances;

    c. In traveling at an excessive rate of speed as would have been  done by a person exercising ordinary care and prudence under the same or similar circumstances;

    d. In failing to maintain a safe distance between Defendants' vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances in attempting to pass when it was unsafe to do so.

    e. In speeding above the posted speed limit when a reasonable and prudent person exercising ordinary care and prudence under the same or similar circumstances would not have.

    f. In failing to control the speed of her vehicle.

    g. In tailgating the vehicle in front of her.

    h. In tailgating Plaintiff's vehicle.

    i. Defendant was negligent in other respects.

(15) Defendant, TRACY FENLEY'S acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se.  In this regard, Defendant, TRACY FENLEY, violated the standards of conduct set forth in Tex. Trans. Code §545.062(a), 545.351(a), (b) and (c), (1) (4) and (5) and 545.352 and 545.362 and 49 C.F.R. §392.2. Plaintiff further states that the Defendant, Tracy Fenley's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

V.
Cause of Action:  Defendant  TRACIE MCCORMICK, INC.

(16) Plaintiff incorporates by reference paragraphs 1 through 15 above.

(17) Plaintiff would further show that at the time of the accident made the basis of this lawsuit, Defendant, TRACY FENLEY, was an employee of Defendant, TRACIE MCCORMICK, INC.  and acting within the course and scope of his employment for Defendant, TRACIE MCCORMICK, INC., and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, TRACIE MCCORMICK, INC., is imputed to Defendant, TRACIE MCCORMICK, INC., and Defendant, TRACIE MCCORMICK, INC., is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(18) Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, TRACY FENLEY, was, and is considered a statutory employee of Defendant, TRACIE MCCORMICK, INC., pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, TRACIE MCCORMICK, INC. is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

(19) Plaintiffs would further show that prior to the time the collision occurred, Defendant, TRACIE MCCORMICK, INC., was the owner and was in possession, custody and control of the truck tractor driven by Defendant, TRACY FENLEY, on the date of the accident made the basis of this

lawsuit. On or about September 24, 2014, Defendant, TRACIE MCCORMICK, INC., directed Defendant, TRACY FENLEY, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, TRACY FENLEY, operated said vehicle with the knowledge, consent and permission of Defendant, TRACIE MCCORMICK, INC.

(20) Plaintiff would further show that Defendant, TRACIE MCCORMICK, INC., was the owner of the vehicle that was being driven by Defendant, TRACY FENLEY, at the time of the accident made the basis of this lawsuit. Defendant, TRACIE MCCORMICK, INC., was negligent in entrusting the vehicle to Defendant, TRACY FENLEY, who was a careless, incompetent and reckless driver. Defendant, TRACIE MCCORMICK, INC., knew or should have known that Defendant, TRACY FENLEY, was a careless, incompetent and reckless driver. Defendant, TRACIE MCCORMICK, INC., was negligent in entrusting the vehicle to its employee, Defendant, TRACY FENLEY, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

(21) Plaintiff further alleges that Defendant, TRACIE MCCORMICK, INC., through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, TRACIE MCCORMICK, INC.:

    a. In hiring and/or retaining its employee driver;

    b. In allowing its employee to drive the vehicle in question; and

    c. In failing to instruct, supervise, and control its employee driver.

(22) Plaintiff further alleges that Defendant, TRACIE MCCORMICK, INC., by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that the Defendants' acts

and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

VI.

Damages

(23) Plaintiff, JOSE REYES AMADOR,  damages include past, and probable future loss, which includes:
   a. Pain and mental anguish;
   b. Physical and mental impairment
   c. Disfigurement;
   d. Loss of Wages;
   e. Loss of Wage Earning Capacity; and
   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(24) Plaintiff respectfully requests a trial by jury on all issues.

(25) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

s/*Jimmy M. Negem*
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950

Negem & Worthington
440 South Vine Ave.
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

ATTORNEYS FOR PLAINTIFF